# IN THE COURT OF APPEALS OF IOWA

No. 19-1955
Filed April 15, 2020

**IN THE INTEREST OF E.C. and L.C.,**
**Minor Children,**

**A.E., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Eric J. Palmer of Palmer & Palmer, Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Michael S. Fisher of Fisher Law Office, Oskaloosa, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

A mother appeals the termination of her parental rights to two children pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2019).[1]  On appeal, the mother raises two broad claims: "It was not in the children's best interests to terminate Mother's parental rights due to the strong parent/child bond," and, "The department failed to make 'reasonable efforts' to reunite the Mother with her children."  She provides no argument or analysis in support of her assertions.  Nor does she point to any facts in the record relative to her claims.  *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable*.").  The mother has waived error.[2] *See* Iowa R. App. P. 6.903(2)(g)(3); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is

---

[1] The father consented to the termination of his parental rights; he does not appeal.
[2] The mother states she "[w]ill supplement in further filings."  Supplementation of a petition on appeal in termination-of-parental-rights cases is not provided for under our appellate rules.  *See generally* Iowa R. App. P. 6.201(1)(b) ("The time for filing a petition on appeal shall not be extended."), (3) ("If the petition on appeal is not filed with the clerk of the supreme court within 15 days after the filing of a notice of appeal . . . , the supreme court shall dismiss the appeal, and the clerk shall immediately issue procedendo.").

one we refuse to assume.").  We acknowledge the expedited nature of this appeal, *see generally* Iowa R. App. P. 6.201, but the mother has failed to provide us anything to review.  Consequently, we affirm the termination of her parental rights.

**AFFIRMED.**